IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Reginald Evans,                          ) C/A No.: 3:25-12074-JFA-SVH
                                         )
              Plaintiff,                 )
                                         )
       v.                                )
                                         )
Jaylin's Properties, LLC, Zona           )
Jefferson, Shuler Killen, LLC,           )          REPORT AND
Carolina Richardson, James C.            )       RECOMMENDATION
Campbell, Sumter County Sheriff's        )
Department, and City of Sumter           )
Police,[1]                               )
                                         )
              Defendants.                )
                                         )

       Reginald Evans ("Plaintiff"), proceeding pro se and in forma pauperis, filed

this complaint against Jaylin's Properties, LLC ("Jaylin's Properties"), Jaylin's

Properties' trustee Zona Jefferson ("Jefferson"), Shuler-Killen, LLC ("Shuler-

Killen"), the law firm representing Jaylin's Properties, Sumter County treasurer

Carolina Richardson ("Richardson"), Sumter County Clerk of Court James C.

Campbell ("Campbell"), Sumter County Sheriff's Department ("SCSD"), and City

of Sumter Police ("Sumter City Police") (collectively "Defendants"). Pursuant to

---

[1] The court's docket currently reflects "Sumter County South Carolina" as a
defendant. However, it does not appear that Plaintiff is attempting to name
"Sumter County South Carolina" as a defendant, but rather as the location of the
Sumter County Sheriff's Department. It seems that Plaintiff delineated the
parties in the caption with a colon and their descriptions or locations with a
comma. Therefore, the Clerk of Court is directed to remove Sumter County as a
defendant.

28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without leave for amendment.

I.    Factual and Procedural Background

Plaintiff states he is a black, 62-year-old, wheelchair-bound double-amputee. [ECF No. 1 at 2]. He claims that his mother Luven Rivers ("Rivers") died on July 27, 2007, and his sister was appointed as personal representative of the estate, which consisted of a property with a 5,000 square foot residence ("Property"). *Id.* He maintains his sister failed to pay the property taxes on the Property and the Property was sold at a tax sale some time prior to September 2016. *Id.*

Plaintiff states that on or about September 20, 2016, he met with Richardson to request the tax sale be voided. *Id.* He claims Richardson refused to accept or process his request "and that such refusal was motivated by [his] race." He indicates that on September 22, 2016, he received a voicemail from the Sumter County Attorney, who indicated that although Plaintiff was seeking to void the tax sale, "the County would proceed with changing title to the land." *Id.* He claims "this action was also racially motivated and lacked any legitimate business reason." *Id.* He further alleges "Sumter County and its Treasury Office

have a practice and pattern of taking property owned by Black Americans without due process of law." *Id.* at 3.

Plaintiff alleges that in October 2021, "Defendants contacted the Sumter City Police regarding [his] presence on the property," and that "[a]fter reviewing records with the Sumter County Register of Deeds, police officers informed Defendants that Plaintiff's name appeared on the deed and that Plaintiff had every legal right to be present on the property." *Id.* He states that despite having received this information, "on November 12, 2021, Defendants filed a Lis Pendens, along with a Summons and Complaint in the Third Circuit Court for Sumter County, docketed as Case No. 2021-CP-43-01882." *Id.*

Plaintiff claims that "[b]eginning in or about April 2022, Defendants forcibly removed [him] from the property, despite knowledge that [his] name was listed on the deed and without any lawful court order authorizing such removal." *Id.* He states "Defendants' actions were motivated by [his] race, age, and disability and lacked any legitimate, nondiscriminatory justification." *Id.*

With respect to his claim for violation of 42 U.S.C. § 1981, Plaintiff claims "Defendants' actions denied [him] the same rights to make and enforce contracts, pursue opportunities, and enjoy the full and equal benefit of laws as are enjoyed by white citizens" and "Defendants' conduct was intentional, willful, and motivated by discriminatory animus based on [his] race." *Id.* at 4.

As to his claim for violation of his rights to due process and equal protection under the Fourteenth Amendment, Plaintiff alleges "Defendants, acting under color of law, deprived [him] of liberty and property interests without due process of law, and denied [him] equal protection of the laws guaranteed by the Fourteenth Amendment" and "Defendants' actions constitute unconstitutional discrimination on the basis of [his] age, race, and disability." *Id.*

Plaintiff alleges Defendants violated his Fourth Amendment right to be protected against unreasonable search and seizure because Defendants "forcibly removed [him] from his property, despite knowledge that [his] name was listed on the deed and without a lawful court order or other valid legal process authorizing such removal." *Id.*

Plaintiff claims "Defendants forcibly removed [him] from his property and refused to provide equal treatment and due process protections, despite knowledge of [his] disability status and legal ownership interest," "Defendants' actions excluded [him], by reason of his disability, from equal participation in and enjoyment of the rights and protections afforded to other citizens under the law," and "Defendants' conduct constitutes unlawful discrimination against [him] on the basis of disability, in violation of Title II of the ADA." *Id.* at 5.

Plaintiff argues Defendants violated his Fifth Amendment rights "by seizing [his property] for alleged unpaid property taxes and subsequently auctioning the Property to the public, awarding the successful bidder a tax deed,"

4

without providing him "with just compensation, specifically the fair market value of the property less any taxes due." *Id.* at 6.

Plaintiff asserts he has suffered damages including emotional distress, reputational harm, financial losses, and denial of civil rights due to Defendants' actions. *Id.* at 3. He requests the court: (1) issue a declaratory judgment that "Defendants' conduct violated [his] rights under the United States Constitution (including the Fourth, Fifth, and Fourteenth Amendments), 42 U.S.C. § 1981, and the Americans with Disabilities Act"; (2) award him compensatory damages for emotional distress, reputational harm, financial loss, and the fair market value of the Property taken less taxes lawfully due; (3) award him punitive damages; (4) provide injunctive relief prohibiting Defendants and their agents, employees, and successors from engaging in further acts of discrimination, unlawful seizures, or takings without compensation and retaliating or harassing him for pursuing or exercising his rights; (5) award him restitution and just compensation for the unlawful taking and auction of the Property; (6) award him attorney's fees and costs; and (7) provide such other and further relief as the Court deems, just, equitable, and proper. *Id.* at 7.

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.     Analysis

Plaintiff attempts to state claims pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the ADA. Before discussing these alleged claims, it is necessary to address prior related cases Plaintiff filed in this court, as they are significantly intertwined with the instant complaint.

On September 23, 2016, Plaintiff filed a civil action in this court against Richardson and Sumter County, alleging Richardson failed to check with the probate court and contact Rivers' heirs regarding the past due taxes prior to selling the Property and that Richardson and Sumter County declined his requests to undo the tax sale based on his race. *Evans v. Richardson*, No. 3:16-cv-3202-JFA, ECF No. 1 (D.S.C. Sept. 23, 2016) ("*Evans I*"). On October 4, 2016, the undersigned issued a report and recommendation recommending the case be

dismissed without prejudice and without issuance and service of process. *Id.* at ECF No. 11 (D.S.C. Oct. 4, 2016).

On January 25, 2017, the court issued an order adopting the report and recommendation, in part, and dismissing the case without prejudice and without issuance and service of process for failure to state a claim upon which relief could be granted. *Id.* at ECF No. 23 (D.S.C. Jan. 25, 2017). The court noted that in arguing the defendants "failed to check with Probate Court or notify the heirs of the property owner of the past due taxes," Plaintiff "overlook[ed] the . . . requirements" in S.C. Code Ann. § 12-37-740 "that the administrator of the estate is responsible with regard to the payment of taxes." *Id.* at 6. It further indicated that by alleging his sister "did not pay the taxes," Plaintiff "seems to acknowledge that [his sister] received notice and payment was her responsibility." *Id.* It explained "Plaintiff has only alleged that he is an heir of an estate that is being administered—not a devisee listed in his mother's will to receive the property, an heir where there has been no administration of the estate, nor a remainderman or life tenant such that he was entitled to notice." *Id.* at 6–7 (citations omitted). The court concluded:

> Because Plaintiff has failed to plausibly allege he was entitled to notice such that his right was violated, provide a basis for his racial discrimination belief other than there was "no good business reason," or assert how Defendants did not follow the proper procedure to collect the past due taxes, *see* S.C. Code Ann. § 12-51-40 et seq., Plaintiff has failed to state a claim upon which relief can be granted against Defendants. *See* 28 U.S.C. § 1915(d)(2)(B)(ii),

*Id.* [2]

On May 25, 2017, the Fourth Circuit issued an order dismissing the appeal and remanding the case to the district court with instructions to allow Plaintiff to file an amended complaint. *Id.* at ECF No. 34; *Evans v. Richardson*, No. 17-1144 (4th Cir. May 25, 2017). This court subsequently issued an order permitting Plaintiff to file an amended complaint. *Id.* at ECF No. 36.

Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983 on June 30, 2017, alleging Richardson and Sumter County violated his substantive and procedural due process rights by taking the Property belonging to his mother's estate through an unlawful tax sale. [ECF No. 41]. On July 14, 2017, the undersigned issued a report and recommendation recommending the court dismiss the case without issuance and service of process, as the court was precluded from exercising jurisdiction over Plaintiff's claim under the Tax Injunction Act, 28 U.S.C. § 1341. [ECF No. 46]. On October 10, 2017, the court issued an order adopting the report and dismissing Plaintiff's case with prejudice

---

[2] Plaintiff claims the court dismissed *Evans I* for lack of subject-matter jurisdiction because he was not listed as the beneficiary of the Property in Rivers' will. [ECF No. 1 at 3]. He maintains the situation has changed, as the probate estate was subsequently reopened in 2020, and he was determined to be Rivers' rightful heir. *Id.* The alleged 2020 change to the probate estate is irrelevant, as the tax sale occurred in 2016 or earlier, and the tax notices were issued in accordance with the property ownership information of record at that time. In addition, Plaintiff is incorrect as to the reason the court dismissed *Evans I*, as the court ultimately concluded the Tax Injunction Act precluded it from exercising jurisdiction, a conclusion that was unaffected by the alleged 2020 reopening of Rivers' estate.

and without issuance and service of process for failure to state a claim upon which relief may be granted. *Id.* at ECF No. 57. The Fourth Circuit subsequently issued an order affirming the court's dismissal of the amended complaint, as Plaintiff's claim "that Sumter County's tax sale violated his due process rights" was "barred from consideration by the Tax Injunction Act, 28 U.S.C. § 1341 (2012), and the related comity doctrine," but vacating the judgment to the extent it was with prejudice and instructing that the case be dismissed without prejudice, given that the court lacked jurisdiction to consider the claim. *Id.* at ECF No. 65; *Evans v. Richardson*, No. 17-2229 (4th Cir. Feb. 27, 2018). This court subsequently issued an order dismissing the case without prejudice and without issuance and service of process. *Id.* at ECF No. 67 (D.S.C. Apr. 30, 2018).

The court subsequently granted Plaintiff's request to reopen the case for the purpose of filing a second amended complaint. *Id.* at 73 (D.S.C. June 7, 2018). Plaintiff filed a second amended complaint alleging Richardson, Sumter County, the tax sale purchaser Yolanda Jefferson ("purchaser"), and Kristi Fisher Curtis, the state magistrate ("magistrate") who issued the writ ejecting him from the Property, violated the Fair Housing Act and his rights to equal protection under the Fifth Amendment and due process under the Fourteenth Amendment. *Id.* at ECF No. 89 (D.S.C. Sept. 17, 2018).

The undersigned issued a report and recommendation recommending the case be dismissed without issuance and service of process, as the Tax Injunction

10

Act precluded the court from exercising jurisdiction over Plaintiff's claims related to Richardson and Sumter County, the purchaser was not a person acting under color of state law under 42 U.S.C. § 1983, and the magistrate was entitled to absolute judicial immunity. *Id.* at ECF No. 94 (D.S.C. Sept. 27, 2018). The court subsequently adopted the report and recommendation and dismissed the second amended complaint without prejudice. *Id.* at ECF No. 98 (D.S.C. Oct. 9, 2019). The Fourth Circuit later issued an opinion dismissing the appeal. *Id.* at ECF No. 106; *Evans v. Richardson*, No. 19-2407 (4th Cir. Apr. 27, 2020).

Jaylin's Properties, LLC,[3] filed a civil action related to the Property, Case No. 21-CP-43-01882, in the Sumter County Court of Common Pleas that Plaintiff attempted to remove to this court. *Jaylin's Properties, LLC v. Reginald Evans*, No. 3:23-cv-5605-JFA, ECF No. 1 (D.S.C. Nov. 3, 2023). The undersigned issued a report and recommendation recommending the case be remanded to the Sumter County Court of Common Pleas, as the district court lacked subject-matter jurisdiction. *Id.* at ECF No. 7 (D.S.C. Nov. 7, 2023). The court subsequently issued an order adopting the report and recommendation and remanded the matter to the Sumter County Court of Common Pleas. *Id.* at ECF No. 22 (D.S.C. Mar. 28,

---

[3] Plaintiff appears to indicate in the notice of removal that the Property was transferred through tax sale to Yolanda Jefferson, who transferred it to Jaylin's Trust and that Jaylin's Trust transferred the Property to Jaylin's Properties, LLC. *Jaylin's Properties, LLC v. Reginald Evans*, No. 3:23-cv-5605-JFA, ECF No. 1 at 3 (D.S.C. Nov. 3, 2023).

2024). The Fourth Circuit later dismissed Plaintiff's appeal. *Id.* at ECF No. 32; *Jaylin's Properties v. Evans*, No. 24-1287 (4th Cir. July 30, 2024).

Because Plaintiff raises many of the same allegations in this case that he also raised in *Evans I*, the court has considered whether his claims are barred by the doctrine of res judicata. However, because the court dismissed *Evans I* without prejudice, it does not have a res judicata effect. *See Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997) ("[T]he district court's earlier dismissal was made expressly without prejudice and, accordingly, has neither an issue nor a claim preclusive effect.") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (" '[D]ismissal . . . without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' and thus does not have a res judicata effect.")). Nevertheless, Plaintiff has again failed to state a claim on which relief may be granted for several of the same reasons explained in *Evans I*. The undersigned addresses the specific deficiencies in Plaintiff's complaint below.

1.    Failure to State a § 1983 Claim

Plaintiff attempts to state a claim for violation of his rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally-guaranteed

rights and to provide relief to victims if such deterrence fails. To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Neither SCSD nor Sumter City Police qualifies as a "person" amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Therefore, Plaintiff cannot pursue a § 1983 claim against SCSD or Sumter City Police for any role they played in removing him from the property.[4]

_____

[4] Even if Plaintiff were to name as a defendant a "person" responsible for his removal from the Property in April 2022, that person could effectively raise the statute of limitations as an affirmative defense. Although the text of § 1983 does

"[T]o be sued under § 1983, a defendant must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that [it] engaged in the state's actions." *Cox v. Duke Energy, Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) (internal citation omitted). Private parties and entities are not state actors and are not amenable to suit under § 1983. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1985). Despite Plaintiff's speculation that Jaylin's Properties, Jefferson, and Shuler-Killen colluded with government officials, they remain private individuals and entities not amenable to suit under § 1983 and are therefore subject to summary dismissal.

To assert a viable § 1983 claim against a state official, a plaintiff must allege a causal connection or affirmative link between the complained-of conduct and the official sued. *See Iqbal*, 556 U.S. at 676. Plaintiff uses "Defendants"

---

not include a statute of limitations, the Supreme Court has concluded the state's general statute of limitations for personal injury claims applies, even if the state has different statutes of limitation for intentional torts. *Owens v. Okure*, 488 U.S. 253, 249–50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *see also Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit."). South Carolina law requires a plaintiff to bring a personal injury action within three years. S.C. Code Ann. § 15-3-530(5). Therefore, the statute of limitations for § 1983 claims related to actions that occurred in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim. *See Hamilton v. Middleton*, C/A No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003).

collectively in describing many of the actions he alleges violated his rights under the Constitution or federal law, but his other allegations suggest that only one or a few of the defendants engaged in the actions described. He claims "Defendants contacted the Sumter City Police regarding [his] presence on the property," but he does not specify which defendants contacted the Sumter City Police, and it is implausible that all defendants contacted the Sumter City Police if for no other reason than that Sumter City Police is among the defendants. Similarly, Plaintiff's allegations that Defendants "filed a Lis Pendens" and "a Summons and Complaint," forcibly removed him from the Property, and illegally took the Property from him do not appear to pertain to all defendants.

Plaintiff cannot assert a Fourth Amendment claim against Richardson, as it does not appear that she acted personally in removing him from the Property, and this court has previously explained to Plaintiff that the Tax Injunction Act prevents it from exercising jurisdiction over his claim that the tax sale of the Property violated his rights under the Fifth and Fourteenth Amendments. It is not necessary for this court to further address Plaintiff's allegations regarding the sale of the Property, as he may continue to pursue those arguments in the pending state court action.[5] Therefore, Richardson is subject to summary dismissal.

---

[5] The court takes judicial notice of matters of public record reflected on the state judicial circuit's public index. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of

Plaintiff makes no specific allegations as to Campbell. To the extent he is attempting to sue Campbell based on judicial actions taken in the pending state court case, it is well-settled that court support personnel have immunity from claims for damages and injunctive relief arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"); *Abebe v. Seymour*, C/A No. 3:12-377-JFA-KDW, 2012 WL 1130667, *2–3 (D.S.C. Apr. 4, 2012) (finding Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996) amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable."). Therefore, Campbell is subject to summary dismissal.

---

matters of public record"). A review of the Sumter County Public Index shows that the case Plaintiff unsuccessfully attempted to remove to this court is still pending. *See* Sumter County Third Judicial Circuit Public Index, available at https://publicindex.sc.courts.org/Sumter/PublicIndex/PISearch.aspx (search by Last Name: Evans, First Name: Reginald, Case No. 2021CP4301882).

This court is precluded from exercising jurisdiction over Plaintiff's claims related to the tax sale, and Plaintiff has failed to state § 1983 claims as to Defendants. Therefore, his § 1983 claim is subject to dismissal.

2.     Failure to State § 1981 Claim

Plaintiff states he is pursuing this action under § 1981 because "Defendants' actions were motivated by [his] race, age, and disability and lacked any legitimate, nondiscriminatory justification." *Id.* Pursuant to 42 U.S.C. § 1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The statute further provides "[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "The rights protected under this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

"Congress passed § 1981 to 'guarantee[] to all persons in the United States the same right . . . to make and enforce contracts . . . as is enjoyed by white

citizens.'" *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (quoting

*Spriggs v. Diamond Auto Glass*, 165, F.3d 1015, 1017 (4th Cir. 1999); 42 U.S.C. §

1981(a) (internal quotation marks omitted)). "To succeed on a § 1981 claim, 'a

plaintiff must ultimately establish both that the defendant intended to

discriminate on the basis of race, and that the discrimination interfered with a

contractual interest.'" *Id.* (quoting *Denny v. Elizabeth Arden Salons, Inc.*, 456

F.3d 427, 434 (4th Cir. 2006)). "A plaintiff must also show that the interference

with a contractual interest would not have happened but for the plaintiff's race."

*Id.* (citing *Comcast Corp. v. National Ass'n of African-American-Owned Media*,

589 U.S. 327, 341 (2020)).

Plaintiff makes only the conclusory allegations that Defendants

discriminated against him based on his race and that "Sumter County and its

Treasury Office have a practice and pattern of taking property owned by Black

Americans without due process of law." [ECF No. 1 at 3]. He includes no facts

that would support a finding that Defendants' actions were racially motivated.

As this court previously explained in *Evans I*:

> Although Plaintiff alleges Defendants discriminated against him
> based on his race, Plaintiff has not offered anything beyond his own
> speculation to show Defendants' actions related to the subject
> property were based on Plaintiff's race. The conclusory allegations in
> Plaintiff's complaint are insufficient to support his bare allegations
> of discrimination, and he therefore fails to state a viable civil rights
> action based on racial discrimination. *See Bongam v. Action Toyota,*
> *Inc.*, 14 F. App'x 275, 279–80 (4th Cir. 2001) (listing requirements to
> establish a discrimination claim under 42 U.S.C. § 1981); *see also*
> *Simmons v. Poe*, 47 F.3d 1370, 1376–78 (4th Cir. 1995)

(discrimination claim under 42 U.S.C. § 1985). Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless").

*Id.* at ECF No. 11 at 4 (D.S.C. Oct. 4, 2016), report and recommendation adopted at ECF No. 23 (Jan. 25, 2017). The same reasoning applies in the instant case. Because Plaintiff's § 1981 claim of racial discrimination lacks factual support and is based solely on speculation, it is subject to summary dismissal.

### 3.     ADA

Plaintiff's allegation that Defendants discriminated against him based on his disability in violation of the ADA is just as conclusory and unsupported as his claim that Defendants discriminated against him based on his race. Title II of the ADA states "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. Although Plaintiff claims he is a qualified individual with a disability within the meaning of the ADA [ECF No. 1 at 5], he fails to link such disability with his claims against Defendants. He asserts he was removed from the Property despite his disability status and "excluded . . . from participation in and enjoyment of the rights and protections afforded to other citizens under the law," but he does not connect his status as a double-amputee with Defendants' actions. Nothing on the face of the complaint

19

supports any plausible argument that the tax sale of the Property, Richardson's failure to undo the tax sale, or Plaintiff's eventual ejection from the property was motivated by his disability status or that he was somehow denied opportunities he otherwise would have been afforded to prevent these actions from occurring if he had not been disabled. Therefore, Plaintiff's claim under the ADA is subject to summary dismissal.

III.    Conclusion and Recommendation

Because the Tax Injunction Act prevents the court from exercising jurisdiction over Plaintiff's claims related to the tax sale and Plaintiff has failed to state claims on which relief may be granted with respect to his other allegations and causes of action, the undersigned recommends this matter be dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The undersigned further recommends the court deny Plaintiff leave for amendment, as amendment would be futile.

IT IS SO RECOMMENDED.

September 11, 2025                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge


**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).