IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Evans,<br><br>    Plaintiff,<br>v.<br><br>Jaylin's Properties, LLC, Zona Jefferson, Shuler Killen, LLC, Carolina Richardson, James C. Campbell, Sumter County Sheriff's Department, and City of Sumter Police,<br>    Defendants. | C/A No. 3:25-12074-JFA-SVH<br><br><br>**MEMORANDUM, OPINION, AND ORDER** |

**I. INTRODUCTION**

Plaintiff Reginald Evans, proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the ADA. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's complaint and prepared a thorough Report and Recommendation ("Report"). (ECF No. 8). Within the Report, the Magistrate Judge opines that this action is subject to summary

1

dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on September 16, 2025 (ECF No. 14). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 8). Briefly, the Plaintiff has asserted various claims arising out of the tax sale of real property that was included in his mother's estate. Plaintiff avers several individuals and agencies collaborated to deprive him of this real property and acted with racial animus or were motivated by his disability status. The instant action is the most recent suit in a complex and lengthy procedural history. That history is recounted in-depth in the Report and incorporated here.

The Report recommends dismissal of each defendant based on a variety of reasons. In response, Plaintiff has lodged a series of protestations. The court has liberally construed Plaintiff's filing to assert several specific objections. Each is addressed below.

First, Plaintiff takes issue with Magistrate Judge's recommendation of dismissal prior to service or discovery, and based upon arguments defendants have yet to raise. Plaintiff is correct that the Report was issued prior to service or discovery and contains legal analysis the defendants have not asserted.[1] Plaintiff ignores the fact that the Magistrate Judge conducted an initial review pursuant to 28 U.S.C. §1915 (e)(2)(B).[2] This allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, a finding of frivolity or failure to state a claim does not require the court to wait until discovery or the invocation of affirmative defenses from parties yet to appear. Plaintiff's complaint, even when liberally construed, clearly fails to state a claim against any of the various defendants. Thus, Plaintiff's objection is overruled.

---

[1] No defendant had appeared prior to the issuance of the Report. Since then, Jaylin's Properties, LLC, Zona Jefferson, and Shuler Killen, LLC, have appeared and asserted motions to dismiss. Several of these motions are based on arguments similar to those raised in the Report.

[2] This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)).

Plaintiff next objects to the Report's reliance on Plaintiff's previous lawsuit known as *Evans I,* even though that action was dismissed without prejudice and therefore has no res judicata effect. As acknowledged in the Report, Plaintiff is correct that his previous case was dismissed without prejudice and has no preclusive effect here. However, the Magistrate Judge did not cite *Evans I* for its preclusive effect. Instead, the Report cites to *Evans I* because this action shares many of the substantive allegations and accompanying fatal flaws as those analyzed in *Evans I*. Accordingly the prior analysis used to dismiss *Evans I*, although not preclusive, is instructive in adjudicating Plaintiff's claims here. The legal analysis used in *Evans I* was accurate when applied then and remains applicable here. Accordingly, there was no error in the Report's reference to *Evans I*. This objection is overruled.

Plaintiff next takes issue with the Report's recommendation of dismissal as to Plaintiff's § 1983 claims based on several grounds such as:

A. The TIA does not bar independent federal civil rights claims. *Hibbs v. Winn*, 542 U.S. 88, 107 (2004).

B. Purchasers acted jointly with government officials: joint action satisfies the state actor requirement. *Lugar v. Edmondson Oil*, 457 U.S. 922 (1982).

C. Judicial immunity does not extend to actions in clear absence of jurisdiction or discriminatory conduct. *Stump v. Sparkman*, 435 U.S. 349 (1978).

D**.** Municipal liability exists under *Monell v. Dep 't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff should be permitted to amend to name proper municipal defendants. The Report stated: "On May 25, 2017, the Fourth Circuit issued an order dismissing the appeal and remanding the case to the district court with instructions to allow Plaintiff to file an amended complaint."

(ECF No. 14, p. 2).

Plaintiff offers no additional support of argument for the above points. Each of these issues were directly addressed in the Report and Plaintiff has failed to show any error. Plaintiff is correct that the TIA does not bar independent federal civil rights claims. The Report acknowledges this by analyzing each of Plaintiff's claims, including those for violations of his civil rights, against each Defendant to the extent they were not barred by the TIA. As noted in the Report, Plaintiff's complaint, even when liberally construed, failed to state a claim upon which relief can be granted. Accordingly, the TIA did not serve as a barrier to Plaintiff's independent claims and this objection is overruled.

Next, Plaintiff appears to take issue with the dismissal of several defendants under Plaintiff's 1983 claims because they were not state actors. Although it is possible that individuals can act jointly with government officials and thereby be subject to § 1983 claims, Plaintiff has failed to set forth any factual allegations from which the court could make such an inference. As started in the Report, Plaintiff's unsupported "speculation," without more, does not give rise to a cause of action under §1983. Thus, this objection is overruled.

Next, Plaintiff is correct in asserting that judicial immunity does not extend to actions in clear absence of jurisdiction or discriminatory conduct. However, as noted in the Report, Plaintiff has failed to set forth any facts or support to show that the defendants entitled to juridical immunity were acting without jurisdiction or were in any way motivated by discriminatory intent. Therefore, this objection must be overruled.

Plaintiff next avers that "Municipal liability exists under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff should be permitted to amend to name proper municipal defendants." Although *Monell* and its progeny does allow for municipal liability in certain situations, Plaintiff has failed to make the requisite showing. He has cited to no facts which could support such a claim. Although Plaintiff requests leave to amend, he has offered no facts or support that would be included in any such amendment which could cure the deficiencies noted in the Report. Accordingly, the court finds no legal error and, as recommended in the Report, the court declines Plaintiff leave for amendment because amendment would be futile.

Plaintiff next lodges a series of objections by averring that "the Report misapplies the law regarding private actors, racial discrimination, and ADA." (ECF No. 14, p. 3). Without more, Plaintiff avers:

A. Private Defendants: Jaylin's Properties, Jefferson, and Shuler-Killen acted jointly with state officials, satisfying the state action test. *Cox v. Duke Energy*, 876 F.3d 625 (4th Cir. 2017).

B. § 1981: Plaintiff alleged Sumter County engaged in a pattern of dispossessing Black heirs. Section 1981 protects property rights and proceedings. Allegations are sufficient at pleading stage.

C. ADA: Plaintiff, a double amputee, was removed without accommodations. Title II prohibits exclusion from public programs based on disability. 42 U.S.C. § 12132.

D. Statute of Limitations: The eviction in 2022 and subsequent enforcement actions constitute continuing violations, bringing claims within the three-year statute. The Report stated: '·On September 23, 2016, Plaintiff filed a civil action in this court ... " also stated: '·On November 7, 2023, This Court issued an order. .. remanding the matter to Sumter County Court of Common Pleas." This constitute continuing violations.

7

    E. Leave to Amend: Denying amendment is improper. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Plaintiff can amend to clarify defendants and allegations.

(ECF No. 14, p. 3).

As with those discussed above, these objections lack any factual support.

In his first bullet point, Plaintiff again asserts private defendants acted in concert with state officials so as to provide him standing to bring a § 1981 claim. Despite this assertion, Plaintiff again fails to provide any factual allegations which would support his claim. Thus, this objection is overruled.

In his second line item, Plaintiff avers his allegations that Sumter County engaged in a pattern of dispossessing black heirs is sufficient at the pleading stage to withstand dismissal. Plaintiff is mistaken. Although the court must liberally construe a pro se complaint, a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Here, Plaintiff has only offered legal conclusions with no factual support. Plaintiff has failed to provide any facts to support his claim that Sumter County has a history of racial discrimination. Accordingly, this objection is overruled.

Within his third subpoint, Plaintiff asserts that he is a double amputee that was removed without accommodations in violation of Title II. Here again, Plaintiff has failed to offer any factual support for this assertion whatsoever. As the Report succinctly states,

8

"Plaintiff's allegation that Defendants discriminated against him based on his disability in violation of the ADA is just as conclusory and unsupported as his claim that Defendants discriminated against him based on his race." (ECF No. 8, p. 19). Plaintiff's objection here does nothing to move the needle and is thus overruled.

Plaintiff next takes issue with the Report's alternative ruling that Plaintiff's claims would be barred by the three-year statute of limitations. Initially, the court would note that the Report's statute of limitation discussion came as an aside to the primary ruling that Plaintiff has failed to identify any individuals responsible for his eviction. Thus, discussion on the statute of limitations is unnecessary because Plaintiff has still failed to identify any such induvial. However, even if the court were to consider the 2022 eviction as the basis for his current claims, the statute of limitations would still apply. The eviction occurred in April 2022 and therefore the statute of limitations ran in April of 2025. The instant complaint was not filed until September 2025. Accordingly, this objection lacks merit and is overruled.

Plaintiff next avers that he can amend the complaint to clarify defendants and allegations. However, Plaintiff fails to offer any amendments, identify any new defendants, or provide any additional factual support he would use in an amended complaint. As shown in the Report, Plaintiff has attempted to bring substantively similar claims on previous occasions with no success. He has failed to show how leave to amend would provide a different result. Accordingly, Plaintiff's objection on this point is likewise overruled.

Plaintiff next lodges three "additional objections." (ECF No. 14, p. 3). In the first objection, Plaintiff states that the filing of a lis pendens "demonstrates Defendants were

9

fully aware of ongoing litigation over the same property rights. Their subsequent seizure and attempted transfer of Plaintiff's property interest was improper and contrary to law." (ECF No. 14, p. 3). Despite Plaintiff's assertion, the filing of a lis pendens does not affect the Report's legal analysis in any way. Accordingly, Plaintiff's reference to this lis pendens points to no error in the Report and this objection is overruled.

Plaintiff next references the Takings Clause by averring "Defendants and local officials attempted to retain and transfer value beyond what was owed, directly violating the Takings Clause." *Id.* Nothing in this objection references the analysis in the Report or points to clear error in the conclusion that Plaintiff's complaint fails to state a claim. Thus, this objection is overruled.

Finally, Plaintiff asserts that "while clerks enjoy quasi-judicial immunity for acts taken at a judge's direction, they may be liable under § 1983 for ministerial acts such as docketing filings performed in bad faith or with discriminatory purpose." *Id.* Plaintiff is correct that clerks of court can be held liable for certain ministerial acts. However, as with his other claims, Plaintiff has failed to provide factual support for his assertions. The court does not have to accept legal conclusions without factual support when evaluating the sufficiency of a complaint. Accordingly, this objection is without merit and overruled

IV. **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 8). For the reasons discussed above and in the Report, the

complaint is dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, the court denies Plaintiff leave for amendment, as amendment would be futile. Consequently, all other pending motions may be terminated as moot.

IT IS SO ORDERED.

September 30, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge